02-09-356-CR
















 

 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 2-09-356-CR   

 

 


 
 
 MARCUS DEKHIREY EVANS
 
 
                                               APPELLANT
 
 


 

V.

 


 
 
 THE STATE OF TEXAS
 
 
                                                    
 
 STATE
 
 


 

 

------------

 

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          Appellant Marcus Dekhirey Evans pled
guilty to aggravated robbery with a deadly weapon, and the trial court
sentenced him to eighteen years’ confinement. 
Appellant’s court-appointed counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel’s brief and
motion meet the requirements of Anders v.
California[2] by presenting a professional evaluation
of the record demonstrating why there are no arguable grounds for relief.[3]  Appellant also filed a pro se response to the
Anders brief, challenging the
voluntariness of his plea and alleging ineffective assistance of his trial
counsel.  We note that there is no
reporter’s record of the guilty plea hearing and that no motion for new trial
appears in the clerk’s record.[4]

          After an appellant’s court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
to see if there is any arguable ground that may be raised on his behalf.[5]  Only then may we grant counsel’s motion to
withdraw.[6] 

          Because Appellant entered an open plea
of guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of his plea, error that is not independent
of and supports the judgment of guilt, and error occurring after entry of the
guilty plea.[7]

          We have carefully reviewed counsel’s
brief, Appellant’s response, the State’s letter brief, and the appellate
record.  We agree with counsel that this appeal
is wholly frivolous and without merit; we find nothing in the appellate record
that arguably might support this appeal.[8]  Accordingly, we grant counsel’s motion to
withdraw and affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 
 PER CURIAM

 

 

PANEL: 
DAUPHINOT, MCCOY, and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
September
 30, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87
S. Ct. 1396 (1967). 





[3]See
Stafford v. State, 813
S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).





[4]See Salinas v. State, 163 S.W.3d 734,
740 (Tex. Crim. App. 2005) (“In the majority of cases, the record on direct
appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel’s actions.”); Andrews v. State,
159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (indicating that claims of
ineffective assistance of counsel are normally best left for habeas corpus
proceedings.).





[5]See Stafford, 813 S.W.2d at 511. 





[6]See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988). 





[7]See Monreal v. State, 99 S.W.3d 615, 620
(Tex. Crim. App. 2003). 





[8]See Bledsoe v. State, 178 S.W.3d 824,
827–28 (Tex. Crim. App. 2005).